[Cite as *State v. Sartain*, 2019-Ohio-3843.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2019-L-069** |
| - vs - | : | |
| JACOB SARTAIN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Court of Common Pleas, Case No. 2018 CR 000604.

Judgment: Appeal dismissed.

*Charles E. Coulson,* Lake County Prosecutor, and *Karen A. Sheppert,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Jacob Sartain,* pro se, PID# A762-097, Lake Erie Correctional Institution, 501 Thompson Road, P.O. Box 8000, Conneaut, OH 44030 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Jacob Sartain, pro se, filed a motion for leave to file a delayed appeal, pursuant to App.R. 5(A), and a notice of appeal on July 24, 2019. He appeals the trial court's April 29, 2019 entry sentencing him to serve seven years in prison after he entered a plea of guilty to aggravated robbery and felonious assault, with a firearm specification.

{¶2} A timely notice of appeal was due no later than May 29, 2019. Thus, the appeal is untimely by almost two months.

{¶3} Appellee, the state of Ohio, filed a response in opposition to the motion for delayed appeal on July 29, 2019.

{¶4} App.R. 4(A)(1) states in relevant part:

{¶5} "* * * [A] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."

{¶6} App.R. 5(A) provides:

{¶7} "(1) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶8} "(a) Criminal proceedings; * * *

{¶9} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of the appeal in the court of appeals."

{¶10} As reasons for appellant's delay in filing his appeal, he indicates that the trial court and his trial counsel failed to advise him of his right to appeal and for appointment of appellate counsel. He contends that he was just made aware of those rights in July 2019 by an inmate law clerk.

{¶11} In opposing appellant's motion, appellee contends that appellant appeared before the judge and acknowledged that his attorney explained his limited appellate

2

rights and that he had 30 days to file an appeal. Page two of the April 5, 2019 signed "Written Plea of Guilty and Judgment Entry," states that appellant was notified by his trial attorney of his right to appeal a maximum sentence, and his other limited appellate rights, and that any appeal must be filed within 30 days of his sentence.

{¶12} Thus, since appellant has not asserted any uncontroverted reasons for filing an untimely appeal, his motion for leave to file a delayed appeal is hereby overruled.

{¶13} Appeal dismissed.


THOMAS R. WRIGHT, P.J.,

MATT LYNCH, J.,

concur.